IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FEDERAL TRADE COMMISSION, et al.,

                Plaintiff,         Case No. 3:11 CV 47

   -vs-

                                O R D E R

PROMEDICA HEALTH SYSTEM, INC.,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff's motion for modification of the preliminary injunction order, Defendant's opposition and Plaintiff's reply thereto.

On March 29, 2011, this Court granted the Federal Trade Commission's ("FTC")motion for a preliminary injunction as follows:

> Plaintiffs' motion for preliminary injunction (Doc. No. 4) is granted in substantial part.
>
> FURTHER ORDERED that the parties are to abide by the terms of the Hold Separate Agreement, as amended, until further order of this Court or an agreement by the parties, subject to Court approval, which shall supercede this Order.
>
> FURTHER ORDERED that this Order shall remain in effect until either (1) completion of all legal proceedings by the Commission challenging the Acquisition, including all appeals, or (2) further order of the Court, including upon the request of the Commission before completion of all such legal proceedings.

(Doc. No. 122.)

The Court did not order the appointment of a Hold Separate Monitor as originally requested by the FTC.

Following a full administrative trial on the merits, on December 12, 2011, FTC Administrative Law Judge D. Michael Chappell issued an Initial Decision finding that

ProMedica's acquisition of St. Luke's Hospital to be in violation of Section 7 of the Clayton Act, 15 U.S.C. §18. Part of the Judge Chappell's order provides as follows:

> At any time after this Order becomes final and effective (without regard to the finality of the divestiture requirements therein), the Commission may appoint a Person ("Monitor") to monitor ProMedica's compliance with its obligations under this Order, consult with the Commission staff, and report to the Commission regarding ProMedica's compliance with its obligations under this Order.

(Doc. No. 125, Attachment 1 at pp. 255-256.) The Order goes on to clarify the duties of the Monitor, if appointed.

The FTC now moves for modification of the preliminary injunction order, specifically, seeking temporary appointment of a monitor.

The Court's power to modify its own injunction was addressed by the Supreme Court in *System Federation No. 91 Ry. Emp. Dept., AFL-CIO v. Wright*, 364 U.S. 642, 647-48 (1961):

> The source of the power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief. Firmness and stability must no doubt be attributed to continuing injunctive relief based on adjudicated facts and law, and neither the plaintiff nor the court should be subjected to the unnecessary burden of re-establishing what has once been decided. Nevertheless the court cannot be required to disregard significant changes in law or facts if it is "satisfied that what it was[sic] has been doing has been turned through changing circumstances into an instrument of wrong." *United States v. Swift & Co.*, *supra*, 286 U.S. at pages 114-115, 52 S.Ct. at page 462. A balance must thus be struck between the policies of res judicata and the right of the court to apply modified measures to changed circumstances.

The district court is granted "wide discretion" in this determination. *Id.*

The FTC argues that Judge Chappell's decision constitutes changed circumstances but concedes there is no evidence ProMedica has violated the Hold Separate Agreement. ProMedica

contends the Initial Decision is not a changed circumstance and that imposition of a monitor is burdensome, expensive and unnecessary at this time.

Having considered both sides memoranda, the Court finds that while it has the authority to amend the injunction order, it will not exercise the right to do so at this juncture. This Court does not believe that the ALJ's Initial Decision constitutes a changed circumstance. That will occur when the FTC makes a final ruling.

The assertion of a probability of violations is, under the circumstances, neither appropriate nor convincing. A violation of an injunction order triggers the "court's power to punish disobedience by civil contempt, which is remedial in nature and designed to both coerce obedience and to compensate the complainant for losses sustained, and by criminal contempt, whose purpose is to vindicate the court's authority and dignity." 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 65.80 (3D ED. 2011).

The history in this case and the actions of the parties do not describe a situation, pursuant to which, this kind of order is appropriate. In the present action, the parties are well represented by significantly experienced counsel. There is no evidence of any violations by ProMedica or actions which would suggest a propensity to violate the present injunction order. Should that situation change, the Court will reconsider this Order.

For these reasons, Plaintiff's motion for modification (Doc. No. 125) is denied.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

3